IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                        ORDER

       v.                                02-CR-18-bbc-01

VICTOR ANDERSON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of defendant Victor Anderson"s supervised release was held on July 20, 2009, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Laura A. Przyblynski Finn. Defendant was present in person and by counsel, Erika L. Bierma. Also present was Senior United States Probation Officer Michael D. Harper.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on September 24, 2003, following his conviction on counts 1, 4, and 9 of a nine-count indictment for bank fraud in violation of 18 U.S.C. §§ 1344 & 2. This offense is a Class B felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 63 months, with a 60-month term of supervised release to follow, and ordered to pay restitution

in the amount of $91,970.91.

Defendant began his term of supervised release on November 13, 2007. He has violated the mandatory condition of his supervised release requiring him to pay the criminal assessment penalty of $300 and restitution of $91,970.91. He has not made a payment on either of these financial obligations since May 2008. Further, on May 6, 2009, defendant violated Standard Condition No. 6, requiring him to report any changes in residence to his supervising officer within seventy-two hours, when he moved from his residence at 1661 Lake Point Road, Apt. 201, Madison, Wisconsin without reporting a new address. On June 1, 2009, he violated Standard Condition No. 3, requiring him to provide truthful information and follow the probation officer's instructions, when he told Assistant Deputy Chief U.S. Probation Officer Paul J. Reed, that he was living at an undisclosed residence in Madison, Wisconsin, and failed to surrender to the U.S. Marshals Service as instructed by Officer Reed. Defendant violated Standard Condition No. 1, prohibiting him from leaving the district without permission from the court or probation officer, as evidenced by his arrest by the U.S. Marshals Service in Arizona on June 2, 2009. Defendant also violated Standard Condition No. 2, requiring him to submit a monthly report within the first five days of each month, when he failed to submit written monthly reports for March and April 2009.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervision, extend it or modify conditions of supervision upon the finding of a Grade C violation.

CONCLUSIONS

Defendant's violations warrant revocation. Defendant defaulted on his court-ordered restitution, failed to notify the probation office of his residence, provided untruthful information to the probation officer to avoid being returned to court for judicial review, failed to file monthly reports for March and April 2009 and left the judicial district without permission. Accordingly, the 60-month term of supervised release imposed on defendant on September 24, 2003, will be revoked.

Defendant's criminal history category is VI. With a Grade C violation and a criminal history category of VI, he has an advisory guideline term of imprisonment of 8 to 14 months. The statutory maximum term of imprisonment to which defendant can be sentenced upon revocation is 36 months, under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than 3 years if the offense for which he was sentenced previously was a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range. The intent of this sentence is to hold defendant accountable for his violations and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on September 24, 2003, is REVOKED and defendant is committed to the custody of the

Bureau of Prisons for a term of 8 months with no supervised release to follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 23d day of July 2009,

BY THE COURT:
/s/

BARBARA B. CRABB

Chief District Judge